# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GLEN TRADER,**
**Claimant Below, Petitioner**

**vs.) Nos. 23-ICA-126, 23-ICA-139**       (JCN: 2022025684)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In these consolidated Workers' Compensation claims, petitioner Glen Trader appeals the March 2, 2023, and March 10, 2023, orders of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") filed a timely response in each appeal.[1] Mr. Trader did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied authorization for physical therapy, a consultation with a neurosurgeon, and a consultation with Russell Biundo, M.D.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Trader suffered a workplace injury on June 9, 2022, while employed by ACNR, when he was carrying a belt section and began to fall backward, and he was grabbed by a coworker who prevented the fall. After experiencing muscle spasms in his lower back, Mr. Trader was seen at Mon Marion Neighborhood Hospital on June 11, 2022, where he was diagnosed with strain of the thoracic region.

Prior to his 2022 injury, Mr. Trader's medical records indicate a long history of back problems dating back to 2005. Mr. Trader was diagnosed with degenerative disc disease of the thoracic region in 2012, and he suffered a thoracic strain the same year. Since 2012, Mr. Trader has consistently complained of and received treatment for pain in his cervical, thoracic, and lumbar spine, and pain and numbness radiating down to his legs.

---

[1] Mr. Trader is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

1

On June 20, 2022, Mr. Trader was seen by his primary care physician, John Manchin, M.D. Dr. Manchin diagnosed Mr. Trader with thoracic strain. Mr. Trader underwent an x-ray of the thoracic region on the same day, revealing moderate degenerative spondylosis. On July 1, 2022, the claim administrator issued an order holding the claim compensable for a strain of muscle and tendon of the thoracic region.

Mr. Trader returned to see Dr. Manchin on July 1, 2022, reporting pain in his right arm and right leg. Dr. Manchin recommended a referral to a specialist if the pain did not improve. Dr. Manchin requested authorization for an MRI of the thoracic and lumbar spine and a consultation with a neurosurgeon. Mr. Trader underwent thoracic and lumbar MRIs on July 29, 2022. The thoracic MRI was normal; however, the lumbar MRI revealed mild intervertebral disc disease and degenerative changes.

On August 11, 2022, Ronald Fadel, M.D., issued a report after reviewing Mr. Trader's medical records. Dr. Fadel noted that Mr. Trader had a previous workplace injury to his lumbar spine. Dr. Fadel also noted that the July 29, 2022, thoracic MRI revealed no abnormalities and that Dr. Manchin had not recorded any neurological examination in his report. Ultimately, Dr. Fadel opined that a referral to a neurosurgeon was unnecessary. On the same day, the claim administrator issued an order denying authorization for a referral to a neurosurgeon based on the report of Dr. Fadel. Mr. Trader protested this order.

Mr. Trader returned to Dr. Manchin on September 6, 2022. Dr. Manchin opined that Mr. Trader had not reached maximum medical improvement ("MMI") for his compensable injury and he remained unable to work. On September 7, 2022, Mr. Trader was seen by Prasadarao Mukkamala, M.D., for an independent medical examination. Dr. Mukkamala opined that Mr. Trader had suffered a thoracic strain as a result of his compensable injury. During a neurological examination of Mr. Trader's upper and lower extremities, Dr. Mukkamala found no evidence of motor loss. Dr. Mukkamala found Mr. Trader to be at MMI and opined that no further treatment was necessary.

On September 15, 2022, Dr. Manchin requested authorization for a referral to Dr. Biundo, a physiatrist, for treatment of Mr. Trader's thoracic strain. On the same day, the claim administrator issued an order denying authorization for a referral to Dr. Biundo based on Dr. Mukkamala's report. Mr. Trader protested this order.

Joseph Voelker, M.D., a neurosurgeon, reviewed Mr. Trader's medical records and issued a report dated October 11, 2022. Dr. Voelker recommended 6 weeks of physical therapy to treat low back pain. Dr. Manchin requested authorization for physical therapy on October 17, 2022, based on the recommendation of Dr. Voelker. Dr. Manchin identified the request for physical therapy as treatment of thoracic strain. On November 1, 2022, the claim administrator issued an order denying authorization of physical therapy based on the report of Dr. Mukkamala. Mr. Trader protested this order.

On March 2, 2023, and March 10, 2023, the Board issued orders affirming the claim administrator's orders, which denied authorization for physical therapy, a neurosurgery consult, and a consult with Dr. Biundo. The Board found that Mr. Trader failed to establish by a preponderance of the evidence that the requested treatments were medically necessary and reasonably related to the compensable injury. Mr. Trader now appeals the Board's orders.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Trader argues that the Board should have found that the opinion of Dr. Manchin, as his treating physician, carried more weight than that of Dr. Mukkamala, who only saw him once, and Dr. Fadel, who only reviewed medical records. Mr. Trader argues that Dr. Manchin treated him prior to and after his compensable injury and, thus, is in a better position to determine his treatment needs. Mr. Trader further argues that the evidence clearly establishes his need for the requested treatments. We disagree.

West Virginia Code § 23-4-3 (a)(1) (2005) provides:

> The commission, and effective upon termination of the commission, all private carriers and self-insured employers or their agents, shall disburse and pay for personal injuries to the employees who are entitled to the benefits under this chapter as follows:

(1) Sums for health care services, rehabilitation services, durable medical and other goods and other supplies and medically related items as may be reasonably required.

In its March 2, 2023, order, the Board found that Mr. Trader failed to establish that his request for authorization of a consultation with a neurosurgeon was medically necessary and reasonably related to the compensable thoracic strain because the thoracic MRI was normal and revealed no need for surgery. Further, the Board noted that both Dr. Mukkamala and Dr. Fadel opined that a neurosurgeon consult was not necessary. The Board found that, although Dr. Manchin indicated that the request for a consult with Dr. Biundo was related to the thoracic strain, he did not offer any medical reasoning to support the request nor was there any diagnostic testing supporting a finding that the request was medically necessary and reasonably related to thoracic strain. Thus, the Board affirmed the claim administrator's denial of both requests.

In its March 10, 2023, order, the Board found that the weight of the evidence did not support a finding that Mr. Trader's request for authorization of physical therapy was medically necessary and reasonably related. The Board noted that Dr. Voelker's recommendation for 6 weeks of physical therapy was related to Mr. Trader's noncompensable lumbar back pain and Dr. Manchin's request for physical therapy was based on this recommendation. Thus, the Board found that the request for authorization of physical therapy was not related to the compensable injury.

In both orders, the Board noted that the only compensable condition in this claim is thoracic strain, which Dr. Mukkamala found to be at MMI, and further noted that Mr. Trader had a long history of back injuries and degenerative changes in his spine.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Trader failed to establish that his requests for a neurosurgery consult and a consult with Dr. Biundo are medically necessary and reasonably related to thoracic strain based on the reports of Drs. Mukkamala and Fadel and the radiographic evidence. The Board was also not clearly wrong in determining that the opinions of Drs. Mukkamala and Fadel were more persuasive than that of Dr. Trader. Further, the Board was not clearly wrong in finding that Mr. Trader's request for the authorization of physical therapy was related to the treatment of a noncompensable condition.

Finding no error in the Board's March 2, 2023, and March 10, 2023, orders, we affirm.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen